J-S06026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN BICKERSTAFF | : | |
| | : | |
| Appellant | : | No. 1116 EDA 2021 |

Appeal from the Judgment of Sentence Entered January 26, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005500-2011

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and KING, J:

CONCURRING STATEMENT BY KUNSELMAN, J.:     **FILED JULY 13, 2022**

I join the Majority's memorandum affirming Bickerstaff's judgment of sentence. I write separately to add the following observations.

As noted by the Honorable Diana L. Anhalt, following our remand, Bickerstaff's former counsel filed two documents which counsel termed a "writ of *habeas*." Trial Court Opinion, 7/12/21, at 1 n.1. At the resentencing hearing, Judge Anhalt discussed these motions, and former counsel stated, "Well, Your Honor, I think the posture of the case puts [Bickerstaff] back in the position of challenging his preliminary hearing before he is resentenced because he can do that by *habeas corpus* petition." N.T., 1/26/21, at 4 (emphasis added). Counsel further explained that "Bickerstaff has filed a *habeas corpus* petition before his conviction became final. There is no conviction until sentence is imposed)." ***Id.*** at 9.

Counsel was mistaken. Bickerstaff's convictions were not disturbed on appeal. The fact that Bickerstaff obtained partial post-conviction relief in the form of resentencing, does not affect the validity of his underlying convictions. As such, Bickerstaff's attempt to dismiss the charges by filing two motions was inappropriate at this juncture, and we need not address them in this appeal.